IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ThermoLife International LLC,

             Plaintiff,

vs.

Vital Pharmaceuticals Incorporated,

             Defendant.

No.  CV-18-03233-PHX-SPL

**PRELIMINARY ORDER**

This matter having recently come before this Court, the parties are advised of the following preliminary policies and procedures that will govern these proceedings, and are ordered as follows.

## Governing Rules

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.

## Service of Process

Rule 4 of the Federal Rules of Civil Procedure requires that service of the summons and complaint must be accomplished on each defendant within ninety (90) days of the date of the filing of a complaint. Proof of service must be promptly filed with the Clerk of Court pursuant to Rule 4(l).

If, for good reason, Plaintiff(s) cannot serve the summons and complaint on Defendant(s) within ninety (90) days, a request for an extension of time in which to serve

the summons and complaint may be filed with the Clerk of Court prior to the expiration of the 90-day period. Any request must set forth the reason why service has not been accomplished and request a specific short period of time in which to accomplish such service.

As will be repeated throughout the duration of this case, the Court has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the commencement of a case. Therefore, Plaintiff(s) are encouraged to expeditiously complete service and to avoid unnecessary delay so that the pretrial period may be preserved for discovery and motion practice.

Notice is hereby provided that any Defendant that has not been timely served will be dismissed without prejudice from this action without further order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### **Case Management Conference**

The Court will schedule a case management conference in accordance with Rule 16 of the Federal Rules of Civil Procedure once Defendant(s) have been served or have appeared in the action. As will be directed in the order setting the conference, the parties will be required to engage in a Rule 26(f) meeting and submit a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order. Outstanding motions or requests to continue the Case Management Conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filings.

The Court will issue a Case Management Order following the date of the scheduled conference. The Order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions, and will set forth additional policies and procedures that will apply in this case.

### **Mandatory Initial Discovery Pilot Project ("MIDP")**

This case is subject to the MIDP, which was approved by the Judicial Conference of the United States, has been implemented in the District of Arizona by General Order 17-

08, and is adopted by this Court.[1]   The MIDP seeks to evaluate whether the use of streamlined preliminary discovery will reduce costs and delays in civil litigation. The following is attached to this Order: [2]

- Notice to Parties - Mandatory Initial Discovery Pilot Project
- General Order 17-08 (Oct. 13, 2017)
- Mandatory Initial Discovery Pilot Project Checklist
- Mandatory Initial Discovery Users' Manual for the District of Arizona

While this Order summarizes some of the key features of the MIDP, it is the responsibility of the parties to carefully read the materials attached to this Order to ensure familiarity and full compliance with the requirements of the MIDP.

## Initial Discovery

The MIDP requires the parties to exchange certain categories of preliminary court-ordered discovery referred to as "Mandatory Initial Discovery Responses" (hereinafter "MIDP Responses"). This requirement supersedes the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), and is designed to accelerate the exchange of relevant information that would otherwise be produced later in the litigation through traditional discovery requests.[3]

## Responsive Pleadings

The MIDP requires, with limited exceptions, that parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Federal Rule of Civil

---

[1]     The MIDP applies to all civil cases filed on or after May 1, 2017, except to those categories of cases exempted by the General Order, which includes: cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation, and cases under the 1980 Hague Convention on the Civil Aspects of International Child Abduction.

[2]     These materials have also been included with the Notice issued by the Clerk of Court in this case and may be found online at the District of Arizona's Website or the Federal Judicial Center's Website. Two instructional videos are also available on these websites.

[3]     The MIDP sets forth two circumstances in which MIDP Responses may be excused or deferred. However, unlike initial disclosures required by the federal rules, *see* Fed. R. Civ. P. 26(a)(1)(A)-(C), the parties may not opt out of the requirement to provide MIDP Responses, or the MIDP itself.

Procedure 12, irrespective of whether any party has filed or intends to file a motion to dismiss or other preliminary motion.[4]

### **Rule 12 Motions**

Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must *attach* a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

### **Amendments to the Pleadings**

Parties shall endeavor not to oppose motions to amend that are filed prior to any Rule 16 Case Management Conference or the deadline set forth by any Rule 16 Case Management Order. Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

### **Protective Orders**

As a general practice, this Court does not approve or adopt blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties.

---

[4] *Exception*: The deadline for filing a responsive pleading may be deferred for good cause where a motion to dismiss based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, absolute immunity, or qualified immunity of a public official has been filed. The responsive pleading deadline however will not be deferred as a matter of course; a request for deferral must be made concurrently by separate motion, stating the specific grounds to which this exception applies.

Further, the fact that the parties have designated materials or information as confidential pursuant to an agreement or stipulation does not mean that the Court will order that the filings containing such information be placed under seal. In the event discovery mandates disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Any party wishing to seal a record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

### Corporate Statement

If applicable, full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required. A Corporate Disclosure Statement form is available on the District Court's Website.

### Filings

All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c). A paper copy of any document filed exceeding ten (10) pages in length must be submitted to chambers. Documents which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders must be emailed in Microsoft Word® format to Logan_Chambers@azd.uscourts.gov.

### Communications with the Court

As a general matter, all communications with the Court regarding any case must be made on the record. Telephone calls regarding routine administrative matters in civil cases may be directed to chambers at (602) 322-7550. No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

///

///

**Emergencies and Expedited Consideration**

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* which sets forth the grounds warranting accelerated resolution of the related filing and identifies the dates of the imminent events pertinent to the request. Such requests should not be made as a matter of course nor should be made by merely noting it below the title of the related filing. Requests presented to the Court in this manner will not be considered.

**Oral Arguments and Evidentiary Hearings**

This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument may request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such request should be made in instances where it would assist the resolution of the motion, and not merely made as a matter of course. Any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

**Noncompliance**

The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

///

**IT IS THEREFORE ORDERED:**

1. That Plaintiff must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than **January 7, 2019**;

2. That Plaintiff must promptly serve a copy of this Order and its Attachments on Defendant and file notice of service with the Clerk of Court;

3. That unless the Court orders otherwise, on **January 7, 2019**, the Clerk of Court shall **terminate** without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;

4. That, in accordance with the MIDP General Order, Defendant *must* file a responsive pleading (an answer, counterclaim, crossclaim, and/or reply) within the time set forth in Federal Rule of Civil Procedure 12, irrespective of whether Defendant intends to file a preliminary motion;

5. That, in accordance with the MIDP General Order, the parties must exchange MIDP Responses and file notice of service with the Clerk of Court no later than **thirty (30) days** after the first responsive pleading (an answer, counterclaim, crossclaim, and/or reply) is filed;

6. That, in accordance with the MIDP General Order, supplemental MIDP Responses shall be served on the opposing party no later than **thirty (30) days** after the information is discovered or revealed;

7. That, in accordance with the MIDP General Order, the parties must produce to the opposing party the electronically stored information identified in the MIDP Responses no later than **forty (40) days** after the MIDP Responses have been served; and

///
///
///
///
///
///

8.      That unless the Court orders otherwise, the parties shall file with the Clerk of Court a notice of service of MIDP Responses, supplemental MIDP Responses, and production of ESI, rather than copies of the actual disclosures.

Dated this 10th day of October, 2018.

Honorable Steven P. Logan
United States District Judge

1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

8
9
10
11

| | | |
|---|---|---|
| In the matter of | ) | |
| | ) | |
| MANDATORY INITIAL | ) | NOTICE TO PARTIES - |
| DISCOVERY PILOT  PROJECT | ) | MANDATORY INITIAL DISCOVERY |
| | ) | PILOT PROJECT |
| _____ | ) | |

12
13
14
15
16
17
18
19
20
21
22
23

Effective May 1, 2017, this Court began participating in a Mandatory Initial Discovery Pilot ("MIDP") project approved by the Judicial Conference of the United States.  This case is subject to the pilot project.  The details of the MIDP are set forth in General Order 17-08, a copy of which is attached.  It is the responsibility of the parties to read the General Order carefully to ensure familiarity and compliance with the requirements.   A Checklist summarizing the key features and deadlines of the MIDP is also attached to this Notice for the parties' convenience.  Particular attention should be paid to the deadline for filing the initial and supplemental MIDP responses.  Any party seeking affirmative relief must serve a copy of this Notice, including General Order 17-08 and the MIDP Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

24
25
26
27

During the Fed. R. Civ. P. 26(f) conference, parties must discuss the MIDP responses and seek to resolve any limitations or objections they have made or intend to make in their responses.  A description of the discussion regarding the MIDP responses must be included in the Rule 26(f) report to the Court.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MIDP responses are not required to be filed if the parties submit (and the Court approves) a written stipulation by all parties that no discovery will be conducted in the case.  Similarly, a party may defer the submission of MIDP responses once for 30 days if all parties file a notice with the Court certifying that they are attempting to settle the case and have a good faith belief that it will be resolved within 30 days of the due date of the MIDP responses. The deadline for final supplementation of the MIDP responses normally will be stated in the Court's Case Management Order.  If no deadline is stated, final supplementation must occur by the fact discovery deadline set in the Case Management Order.

A notice must be filed with the Court when filing the MIDP responses and supplements, but there is no requirement to file the documents themselves, unless there is an unresolved dispute regarding the responses and supplements that the Court must resolve during the Rule 16(b)(1) conference.

After the MIDP responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may commence.

1
2
3
4
5

X FILED          __LODGED
__RECEIVED   __COPY

OCTOBER 13, 2017

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

BY s/ M. Everette  DEPUTY

6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

9   In the matter of

10  MANDATORY INITIAL DISCOVERY
    PILOT PROJECT IN THE DISTRICT OF          GENERAL ORDER 17-08
11  ARIZONA

12  **(AS AMENDED OCTOBER 13, 2017)**

13      **IT IS HEREBY ORDERED**: Effective May 1, 2017, the United States District

14  Court for the District of Arizona will begin participation in a Mandatory Initial Discovery

15  Pilot Project approved by the Judicial Conference of the United States.

16      The Mandatory Initial Discovery Pilot Project applies to all civil cases filed on or

17  after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private

18  Securities Litigation Reform Act ("PSLRA"), cases transferred for consolidated

19  administration in the District by the Judicial Panel on Multidistrict Litigation, and cases

20  under the 1980 Hague Convention on the Civil Aspects of International Child Abduction.

21  The discovery obligations addressed in this General Order supersede the disclosures

22  required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery

23  pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and

24  (vi), and Rule 26(b)(2)(C).    Unlike initial disclosures required by current Rule

25  26(a)(1)(A) & (C), this General Order does not allow the parties to opt out.

26  **A.    Instructions to Parties.**

27      1.    Any party seeking affirmative relief must serve a copy of the Notice to the

28  Parties of Mandatory Initial Discovery Pilot Project, including this General Order and the

MIDP Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

2.     The parties to this litigation are ordered to provide mandatory initial discovery responses before initiating any further discovery in this case.  The responses are called for by the Court, not by discovery requests actually served by an opposing party.  Part B of this order sets forth the categories of information that must be provided in each party's mandatory initial discovery responses.   After the mandatory initial discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure and as set forth in a case management order to be entered by the Court.

3.     Each party's response must be based on the information then reasonably available to it.  A party is not excused from providing its response because it has not fully investigated the case, it challenges the sufficiency of another party's response, or another party has not provided a response.  Responses must be signed under oath by the party, certifying that it is complete and correct as of the time it was made based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by the attorney.

4.     Parties must provide the requested information as to facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses. The parties also must provide relevant legal theories in response to paragraph B.4 below.  If a party limits the scope of its response on the basis of privilege or work product, the party must produce a privilege log as required by Rule 26(b)(5) unless the parties agree or the Court orders otherwise.  If a party limits its response on the basis of any other objection, including an objection that providing the required information would involve disproportionate expense or burden, it must explain with particularity the nature of the objection and its legal basis, and provide a fair description of the information being withheld.

5.      Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have filed or intend to file a motion to dismiss or other preliminary motion, with the following exceptions:

a.      Such pleadings need not be filed when a motion to dismiss is based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity of a public official.   When such jurisdiction or immunity motions have been filed, the time for the moving party to answer, counterclaim, crossclaim, or reply shall be set by the Court in its order deciding the motion.  If the Court fails to set a time in its order, the time to respond to the complaint shall be established by Rule 12(a)(4).  In cases with multiple defendants, this exception for jurisdiction and immunity motions applies only to the moving party.

b.      Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a)(1)-(3), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.

6.      A party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.   A party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading.  In cases removed from state court, the responses must be filed within 30 days of removal if a responsive pleading was filed in state court before removal, and within 30 days of the response date set in Rule 81(c)(2) if a responsive pleading was not filed in state court before removal.  In all cases, (a) no initial discovery responses need be served if the Court approves a written stipulation by the parties that no discovery will be conducted in the case; or (b) initial discovery responses may be deferred, one time, for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good

faith belief that it will be resolved within 30 days of the due date for their responses, and the Court approves the deferral.

7.      Unless the Court orders otherwise, initial responses and later supplements shall not be filed with the Court, but Parties shall file a notice of service of their initial responses and later supplements.

8.      The duty to provide mandatory initial discovery responses set forth in this order is a continuing duty, and each party must serve supplemental responses when new or additional information is discovered or revealed.   A party must serve such supplemental responses in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party.  The Court normally will set a deadline in its Rule 16(b) case management order for final supplementation of responses, and full and complete supplementation must occur by the deadline.  If the Court fails to set a deadline, final supplementation must occur by the fact discovery deadline set by the Court in its case management order.  If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response.

9.      Parties should include in the Rule 26(f) report to the Court a concise description of their discussions of the mandatory initial discovery responses.  The report should also include a concise description of the resolution of any limitations invoked by any party in its response, as well as any existing disagreements requiring resolution by the court.  The parties shall attach the initial and supplemental responses and any other discovery requests, objections, and responses involved in any existing disagreements.  During the Rule 26(f) conference, parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

10.      Production of information under this General Order does not constitute an admission that information is relevant, authentic, or admissible.

11.      Rule 37(b)(2) shall apply to mandatory discovery responses required by this order.

**B.     Mandatory Initial Discovery Requests.**

The parties must respond to the following Court-issued discovery requests without awaiting discovery requests from the opposing parties, and at the times set forth above.

1.     State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

2.     State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses.  Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control.  If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

3.     List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses.  To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity.  Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control.  For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them.  Production of ESI will occur in accordance with paragraph C.2 below.

4.     For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

7. A party receiving the list described in Paragraph 3, the description of materials identified in Paragraph 5, or a description of agreements referred to in Paragraph 6 may request more detailed or thorough responses to these mandatory discovery requests if it believes the responses are deficient. A party may also serve requests pursuant to Rule 34 to inspect, copy, test, or sample any or all of the listed or described items, to the extent not already produced in response to these mandatory discovery requests, or to enter onto designated land or other property identified or described.

**C.    Disclosure of Hard-Copy Documents and ESI.**

1. *Hard-Copy Documents*. Hard-copy documents must be produced as they are kept in the usual course of business.

2. *Electronically Stored Information (ESI)*.

a. *Duty to Confer*. When the existence of ESI is disclosed or discovered, the parties must promptly confer and attempt to agree on matters relating to its disclosure and production, including:

i. requirements and limits on the preservation, disclosure, and production of ESI;

ii. appropriate ESI searches, including custodians and search terms, or other use of technology assisted review; and

iii.    the form in which the ESI will be produced.

b.    *Resolution of Disputes*.  If the parties are unable to resolve any dispute regarding ESI and seek resolution from the Court, they must present the dispute in a single joint motion or, if the Court directs, in a conference call with the Court.  Any joint motion must include the parties' positions and the separate certification of counsel required under Rule 26(g).

c.    *Production of ESI*.  Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response.  Absent good cause, no party need produce ESI in more than one form.

d.    *Presumptive Form of Production*.  Unless the parties agree or the Court orders otherwise, a party must produce ESI in the form requested by the receiving party.  If the receiving party does not specify a form, the producing party may produce the ESI in any reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI as the producing party.

DATED this 13th day of October, 2017.

Raner C. Collins
Chief United States District Judge

## MANDATORY INITIAL DISCOVERY PILOT PROJECT
## CHECKLIST

☐ **Applicability of the MIDP Project General Order:**

    o  Is this a civil case filed prior to May 1, 2017?
    o  Is the proceeding exempt from initial disclosure under Rule 26(a)(1)(B)?
    o  Is this an action under the Private Securities Litigation Reform Act?
    o  Was the case transferred for consolidation by the MDL panel?

        ▪  If the answer is 'yes' to any of these questions, the case is not subject to the MIDP.

☐ **Rule 26(f) Conference:**

    o  The parties must discuss the mandatory initial discovery responses, which probably will have been made by the time of the conference, and seek to resolve any disagreements on the scope of their responses.

    o  The parties should include a description of their discussions, including resolved and unresolved disagreements or other discovery issues, in their Rule 26(f) report to the Court.

        ▪  Parties must file the Rule 26(f) report in the CM/ECF system using the *Rule 26(f) Report re MIDP* event under the "MIDP Filings" category.

☐ **Responsive Pleadings [answer/counterclaim/crossclaim/reply]:**

    o  Must be filed within the time set in Rule 12(a)(1)(A), (B), and (C).

            ***Exception***: *The Court may defer the responsive pleading deadline for good cause if a party files a motion to dismiss based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute immunity or qualified immunity of a public official.*

☐ **Initial Discovery Responses:**

    o  *Party seeking affirmative relief*: must serve its initial discovery responses and file a notice of service with the Court within <u>30 days</u> after the first responsive pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.

        ▪  Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

- *Party filing a responsive pleading*: must serve its initial discovery responses and file a notice of service with the Court within <u>30 days</u> after it files its responsive pleading.

  - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

    *Exceptions*: *No discovery responses required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.*

    *Deadline for serving initial discovery responses may be deferred once for <u>30 days</u> if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses.*

    *If the Court deferred the responsive pleading deadline based on the filing of one of the qualifying motions to dismiss, initial discovery responses are due <u>30 days</u> after the responsive pleading deadline set by the Court upon entry of its order deciding the motion or <u>30 days</u> after the date set by Rule 12(a)(4) if the Court does not set a pleading deadline.*

- Initial responses and later supplements will not be filed with the Court on the date they are served, but a notice of service must be filed with the Court.

  - Parties must file the notice of service for initial responses in the CM/ECF system using the *Notice of Service  of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

  - Parties must file the notice of service for supplements in the CM/ECF system using the *Notice of Service of Supplemental Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

    *Exception: Parties must file initial responses and later supplements with their 26(f) report or discovery dispute filings if there is an unresolved dispute regarding the responses or supplements that the Court must resolve.*

- Responses must be signed by the party, under oath, and by counsel under Rule 26(g).

- Limitations to scope of initial response asserted by the parties:

  - If based on a claim of privilege or work product, the party must produce a privilege log under Rule 26(b)(5).

> ***Exception****: No privilege log required if the parties agree or the Court orders otherwise.*

- ▪ If based on any other objection, the party's response must explain with particularity the nature of the objection and provide a fair description of the information withheld.

☐ **Electronically Stored Information (ESI):**

- o If the existence of ESI is disclosed or discovered, the parties must confer and address the issues listed in ¶ (C)(2)(a)(i)-(iii) of the General Order.

- o The party must produce its ESI within <u>40 days</u> after serving its initial response (unless modified by the court).

  - ▪ ESI must be produced in the form requested by the receiving party, or if no form is specified, in any reasonable form that will enable the receiving party to access, search, and display the ESI.

☐ **Rule 16 Conference and Case Management Order:**

- o Rule 16 conference should be held within the time specified in Rule 16(b)(2) (as soon as possible but not later than the *earlier* of <u>90 days</u> after any party has been *served* or <u>60 days</u> after *appearance* by any party).

- o Case management order should set deadline for final supplementation of responses.

  - ▪ If the Court fails to set a deadline, final supplementation must occur by the fact discovery deadline set by the Court in its case management order.

☐ **Supplemental Responses:**

- o Must be served in a timely manner, and no later than <u>30 days</u> after the information is discovered or revealed.  If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response.  A notice of service must be filed when a supplemental response is served.

### Mandatory Initial Discovery Users' Manual for the District of Arizona

A.    **Introduction**

1.    The Judicial Conference of the United States has authorized a Mandatory Initial Discovery Pilot (MIDP) project to test the use of robust mandatory initial discovery as a means of reducing cost and delay in civil litigation.  Various District Courts, including this one, have agreed to participate in the MIDP.  The MIDP will begin on May 1, 2017, and will run for a period of three years.

2.    The MIDP can be described in a nutshell as follows:

    (a)    The MIDP requires responses to mandatory initial discovery in all civil cases other than those exempted by General Order 17-08 – the order that implements the MIDP.

    (b)    The mandatory discovery is framed as court-ordered discovery that must be responded to before the commencement of broader discovery under Rules 26, 30, 31, 33, 34, 35, 36.

    (c)    The mandatory initial discovery replaces the initial disclosures otherwise required by Rule 26(a)(1).

    (d)    The parties may not opt out of the requirement to provide the mandatory discovery responses.

    (e)    The requirement to provide mandatory initial discovery responses includes both favorable and unfavorable information that is relevant to the claims and defenses in the case.  This includes claims and defenses asserted by all parties to the litigation, and a responding party must provide relevant information regardless of whether it intends to use the information in presenting its claims or defenses.

    (f)    Parties must file with the Court a Notice of Service of their initial responses and later supplements, but not the responses or supplements themselves.  If there is an unresolved dispute regarding the responses, parties must provide the Court with the  responses or supplements at issue to enable the Court to resolve the dispute;

    (g)    The Court will discuss the mandatory initial discovery with the parties during the case management conference under Rule 16(b)(2), and resolve any disputes regarding compliance with the required discovery; and

    (h)    MIDP courts will vigorously enforce the requirement to provide mandatory initial discovery responses through the imposition of sanctions if appropriate under the Federal Rules of Civil Procedure.

These features will be described in more detail below, with commentary designed to improve understanding of the MIDP's requirements and to anticipate and address issues that may confront participating courts and parties.

B.   **Scope of the Mandatory Initial Discovery Pilot**

1.   Mandatory initial discovery responses are required for all cases other than (a) those exempted from initial disclosures by Rule 26(a)(1)(B); (b) cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation; and (c) actions under the Private Securities Litigation Reform Act ("PSLRA").

> *Comments:  The value of the MIDP as a means of reducing cost and delay depends significantly on its application across a wide range of federal civil litigation.   Consequently, few exceptions to its application have been allowed.*

2.   Mandatory initial discovery responses may be excused or deferred in two circumstances.  First, no responses are required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.  Second, responses may be deferred once, for 30 days, if the parties jointly certify to the Court that they are seeking to settle their dispute and have a good-faith belief that the dispute will be resolved within 30 days of the due date for their responses.

> *Comments:  The MIDP is designed to have very few exceptions.  Other than these two exceptions, and the postponement of discovery responses that may be granted in the case of certain motions to dismiss (as discussed below), Courts should not excuse parties from their obligation to provide timely discovery responses under the MIDP.*

C.   **Key Features of the MIDP**

1.   The MIDP has the following key features:

   (a)   It is implemented by General Order 17-08, which requires the parties to provide the mandatory discovery responses before initiating any further discovery.

   (b)   The responses must be based on information reasonably available to the parties as of the time they are made, and must be timely supplemented as additional relevant information becomes available.

   (c)   Responses to the mandatory initial discovery must be signed under oath by the parties, certifying that they are complete and correct as of the time they are made based on the parties' knowledge, information, and belief formed after reasonable inquiry.  If a party is represented by counsel, its attorney must also sign the responses, thereby making the certifications required by Rule 26(g).

   (d)   Responses to the mandatory initial discovery must disclose both favorable and unfavorable information that is relevant to the claims and defenses in the case, regardless of whether a party intends to use the information when presenting its claims or defenses. Where a party limits its response to

mandatory discovery on the basis of privilege or work product, a privilege log is required unless the Court orders otherwise.  Further, if a party objects to providing relevant information, including an objection that providing the required information would involve disproportionate expense or burden, it must provide particularized information regarding the nature of the objection and its basis, and fairly describe the information being withheld.

*Comments:*

*1.  The General Order is framed as court-ordered discovery that is designed to accelerate the disclosure of relevant information that would be produced later in the litigation in response to traditional discovery requests.   The requirement that all responses include information relevant to the claims and defenses in the case, rather than being limited to information the party intends to use in support of its claims or defenses, is a significant change from Rule 26(a).  Both lawyers and their clients may instinctively react negatively to it.  However, responses to traditional discovery requests under Rules 26, 30, 31, 33, 34, and 36 are not limited to information that the responding party may use to support a claim or defense, and neither is it permissible to object to this mandatory initial discovery on the ground that it is harmful rather than helpful to the responding party.*

*The MIDP is premised on the idea that the goals of Rule 1 are promoted through the early sharing of information that normally would be provided only through more costly party-initiated discovery.  Parties will be able to better evaluate the strengths and weaknesses of their positions.  Early case assessment, perhaps with the assistance or a neutral mediator, may lead to early resolution of matters before incurring additional legal fees.*

*It is expected that there may be uncertainty in some cases over identification of information that is relevant and helpful to an opposing party's claim or defenses, or relevant and unhelpful to a producing party's claim or defenses.  Mandatory initial discovery is no different in this respect than responses to party-initiated discovery.  The Court and the parties should have a meaningful discussion to minimize such uncertainty, and to obtain the Court's assistance where appropriate to eliminate later sanctions demands because of a failure to comply with the mandatory initial discovery obligations.  The goal is to promote justice, reduce costs, and increase speed in the fair resolution of claims, not create disputes over compliance with the mandatory discovery obligations.  Communication with the Court and cooperation among counsel are essential and expected.*

*In addition, the MIDP was designed and adopted in part as a result of experience in States and the Canadian judicial system that have successfully required substantial mandatory disclosures.  It has been reported that lawyers and their clients manage this obligation faithfully, at first because of the consequences of failing to do so and eventually because of a change in culture among litigation practitioners.*

*2.  The requirement of a privilege log is drawn from Rule 26(b)(5), but the General Order allows the parties to "agree otherwise."  In certain cases, such as those in which voluminous ESI must be produced in an accelerated fashion pursuant to the General Order, creation of a privilege log may become more onerous if it must be completed within the same timetable as production of the information itself.   The General Order allows the parties to negotiate a different timetable for the exchange of privilege logs, and to reach other agreements to reduce the work required to assemble the logs such as excluding certain categories of documents or identifying the basis of objections by category of documents. If the parties are unable to agree, the Court retains discretion to order a different timetable or other mechanisms for reducing burden.*

*3.  Because mandatory initial discovery responses are required by a court order, parties may wonder whether objections to the discovery are permitted.  The answer is yes.  Objections may be stated on the same basis and subject to the same limitations as objections to party-initiated discovery requests, but the General Order makes clear that conclusory, boilerplate objections are not proper.   Particularized information regarding the nature of the objection and its legal basis must be provided.  In addition, a "fair description" of what is being withheld must be provided.  A "fair description" is one that provides sufficient information for the party receiving the responses to understand the categories of information being withheld and to enable an informed decision about whether to take further steps to compel production of the information notwithstanding the objection.*

(e)   To maximize the effectiveness of mandatory initial discovery, responses must address all the claims or defenses that will be raised by the parties.  Accordingly, parties must file answers, counterclaims, crossclaims and replies within the time required by the rules of procedure.  The parties must do so even if they file a motion to dismiss,  unless the motion is based on lack of subject matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity, and the Court agrees to defer filings of pleadings for good cause.  If the Court does not grant the motion to dismiss, it will set the time to answer, counterclaim, crossclaim, or reply, and the time for responding to the mandatory

disclosures will be measured from that date unless the Court sets an earlier date.  If the Court does not set a time, Rule 12(a)(4) will control.

> *Comments:  The requirement that an answer must be filed even when a party intends to file a motion to dismiss or other preliminary motion is intended to provide a basis for the parties and the Court to identify the issues in dispute, and thus facilitate early mandatory initial discovery of the information relevant to a claim or a defense.*

> *The only exceptions to this requirement that the Court, in its discretion, may permit are cases in which a party is moving to dismiss based on lack of subject matter or personal jurisdiction, sovereign immunity, or the absolute or qualified immunity of a public official. These exceptions are purposely narrow to eliminate an incentive to file meritless motions to avoid prompt compliance with the General Order's requirements.  Other motions to dismiss may be filed, but do not defer the time to answer, counterclaim, crossclaim or reply.*

(f)     Mandatory initial discovery responses must be made within the following deadlines: (i) a party seeking affirmative relief must serve its responses within 30 days after the filing of the first pleading made  in response to its complaint, counterclaim, crossclaim, or third party complaint; and (ii) a party filing a responsive pleading (whether or not it includes a claim for affirmative relief) must serve its mandatory initial discovery responses within 30 days after filing its responsive pleading.   There are two exceptions to this requirement. First, no mandatory initial discovery responses are required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.   Second, mandatory initial discovery responses may be deferred one time, for 30 days, if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the date when their responses are due.

> *Comments:  There may be instances in which a party is required to serve more than one set of mandatory discovery responses.  For example, a plaintiff must serve responses within 30 days after the filing of the first pleading filed in response to its complaint.  If additional defendants are later joined or file later answers, the plaintiff will be required to serve a supplemental response based on issues raised by the later-filed answers.*

(g)     Judges should monitor the parties' mandatory initial discovery responses and act promptly to resolve any disputes.  The General Order requires the parties to file a Notice of Service of their initial responses and later supplements, but not to file the responses themselves, unless there is an unresolved dispute that the Court must resolve.  If there is such an

unresolved dispute, parties must provide the Court with the responses, objections, and any other information needed by the Court to resolve the dispute.

> *Comments:  The success of the MIDP depends significantly on early and active case management by the Court.  One key component of the Court's case management role is to avoid delays that could result from disagreements not resolved by the parties.  The parties are required to discuss their responses to the mandatory discovery at the initial meeting of counsel under Rule 26(f), including any objections they have stated or intend to state, and to attempt in good faith to resolve those objections.  Unresolved objections should  become a key topic for discussion with the Court at the initial case management conference under Rule 16(b).  Ideally, the Court will resolve those objections at the case management conference; if the Court is unable to do that because additional information or briefing is essential, it should still resolve the disputes on an expedited basis.*

(h)     The General Order imposes on the parties a continuing duty of disclosure, and mandatory initial discovery responses must be supplemented when new or additional information is discovered or revealed.  Supplemental responses must be served in a timely manner, but not later than 30 days after the information is discovered or revealed to the party.  A supplemental response is not required if, after general discovery begins, new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information.  The Court should normally set a deadline for final supplementation in its Rule 16(b) case management order, and full and complete supplementation must occur by that deadline.  If the Court does not set such a deadline, full and complete supplementation must occur by the deadline for fact discovery set by the Court.  If a party fails to make or supplement a mandatory initial discovery response, the party may not use the information or witness to supply evidence on a motion, at a hearing, or at trial, unless the Court determines that such use would be appropriate under Rule 37(b)(2).  Under Rule 37(b)(2), the Court may order other sanctions in addition to or instead of excluding evidence, as discussed more fully below.

> *Comments:   Some courts do not hold a single "final pretrial conference" but may instead conduct a series of conferences.  Courts that follow such a practice should set a specific date for final supplementation, with the goal of ensuring that it occurs in time for the parties to use the supplemental information in preparing the joint pretrial order.*

*There may be instances in which, after the deadline for final supplementation, new or additional information is discovered or revealed that would have required supplementation if the information had come to light before the deadline. A party who wishes to make the supplementation because the new information is helpful to that party may serve the supplemental response after the deadline and, absent agreement by all parties, must seek leave of court to use the information. A party who discovers information after the deadline for final supplementation that may be helpful to an opposing party should serve a supplemental response pertaining to that information. The opposing party may at its election be allowed to use the information to support or oppose a motion, at a hearing, or at trial, without further action by the Court. Courts should remember that the effectiveness of the MIDP will depend significantly on the willingness of judges to impose real consequences on parties who fail to comply with their mandatory discovery obligations.*

(i)     The parties are expected to discuss mandatory initial discovery when they meet and confer as required by Rule 26(f). During the conference, they must seek to resolve any disagreements over the scope of discovery. The parties should include in their Rule 26(f) report to the Court a summary of their discussions, describe the resolution of any disagreements, and identify any unresolved disputes or other discovery issues. During the Rule 16(b) scheduling conference the Court should resolve any disputes regarding the mandatory initial discovery responses. Judges participating in the MIDP should also make themselves available for prompt resolution of discovery disputes. It is recommended that the MIDP judges require the parties to contact the Court for a pre-motion conference as provided by Rule 16(b)(3)(B)(v) before filing discovery motions.

> <u>*Comments*</u>*: As explained previously, prompt resolution of disputes over the mandatory initial discovery responses is essential to the success of the MIDP. A party's unresolved objections that exist as of the time of the initial pretrial conference under Rule 16(b) should be resolved at the conference. Disputes that arise thereafter should also be resolved promptly, as should discovery disputes that arise outside the mandatory discovery process. The pre-motion conference referred under Rule 16(b)(3)(B) is only one of the ways in which expense and delay can be avoided. Many disputes can be resolved without briefing at pre-motion phone conferences, and even when briefing is required, the Court should consider limiting written argument to short letters or focused briefs.*

D.    **Information Required by Mandatory Initial Discovery**

The General Order identifies the responses the parties are required to provide under the MIDP.  They include:

1.    The identity of persons likely to have discoverable information relevant to any party's claims or defenses, their contact information, and a fair description of the nature of the information they possess.

2.    The names, and contact information, of all persons believed to have given written or recorded statements relevant to any party's claims or defenses.  Unless a party asserts privilege or work product protection against this disclosure (the details of which should be disclosed adequately in a privilege log, unless the parties agree or the Court orders otherwise), a copy of each disclosed statement should be attached if it is in the party's possession, custody, or control.  If not, then the responding party should state the name and, if known, the address and telephone number of each person believed to have custody of a copy.

3.    A list of the documents, electronically stored information ("ESI"), tangible things, land, or other property known by each party to exist that is relevant to any party's claims or defenses.  This information is required regardless of whether the documents or ESI are in the possession, custody, or control of the responding party.  When the volume of such materials makes it impracticable to list them individually, the responding party may list similar documents or ESI by categories, describing each category with particularity.  If the information required is not in the responding party's possession, custody, or control, the response should state the names and addresses, if known, of the person having possession, custody, or control.  A party that has possession, custody, or control of the documents, ESI, or tangible things required to be identified by this mandatory disclosure may elect to produce it with their response, or to make it available for inspection on the date of the response, instead of listing them.  Production of ESI will occur as required by paragraph (C)(2) of the General Order.   MIDP judges should take care to ensure that the descriptions are sufficiently detailed to be meaningful, and that when production or inspection is elected in lieu of description, it actually can take place beginning on the date of the response, and not at some indefinite time in the future.

4.    A statement of the facts relevant to each claim or defense raised by the responding party, and the legal theories upon which each is based.

5.    A computation of each category of damages claimed by the responding party, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered.  A party may produce the documents or other evidentiary materials with its response instead of describing them.

6.    The identify and a particularized description of any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action, or to indemnify or reimburse a party for payments made by the party to satisfy the judgment.  A

8

party may produce a copy of the agreement with its response instead of describing it.

A party receiving the list described in paragraph 3 of the General Order, the description of materials identified in paragraph 5, or a description of agreements referred to in paragraph 6, may request from the responding party a more detailed or thorough response if it believes the responses are deficient. MIDP judges called on to resolve disputes regarding the sufficiency of a response to the mandatory discovery requests should take care to ensure that responses are sufficiently detailed to be meaningful, are complete and unevasive, but should not require a level of particularity that would impose on the responding party disproportionate burden or expense, considering the needs of the case.

> *Comments:  The information required in paragraph 1 above, as well as the descriptions of relevant documents discussed in paragraphs 3 and 5 and the statement of relevant facts required in paragraph 4, must all provide sufficient detail to be meaningful and must not be evasive or incomplete.  At the same time, the disclosures need not be so detailed that they would impose on the responding party disproportionate burden or expense, considering the needs of the case.  There is no formula for deciding where the line must be drawn. Rules 1 and 26(b)(1) provide the Court and the parties with the performance standard, but the facts unique to each case will control the scope of the disclosures.  Parties that follow the "Golden Rule" should have no difficulty making reasonableness determinations that are consistent with Rule 1 and Rule 26(b)(1) and the aims of the MIDP.*

> *A party also may serve requests pursuant to Rule 34 to inspect, copy, test, or sample any or all of the listed or described items to the extent that they have not already been produced in a mandatory discovery response, or to enter onto designated land or other property identified or described.*

> *Production of information under the General Order does not constitute an admission that the information is relevant, authentic, or admissible.*

E. **Requirement for Disclosure of Hard-Copy Documents and ESI:**  The production of hard-copy documents and ESI required by mandatory initial discovery can present challenging issues for the parties.  The General Order seeks to minimize those issues by providing specific guidance to the Court and the parties.

1. Hard-copy documents must be produced as they are kept in a party's usual course of business.

2. Disclosure of ESI:

   (a) *Duty to Confer*:  When a mandatory initial discovery response reveals the existence of ESI, the parties must promptly confer and attempt to reach

9

agreement relating to its disclosure and production.   This includes: requirements and limits on the preservation, disclosure, and production of ESI; the appropriate means to search for ESI, including identification of the custodians from whom production will be obtained; search terms to be used, or other use of technology or computer assisted review; and the form in which ESI will be produced.

(b)     *Resolution of Disputes*:   If the parties are unable to resolve any dispute regarding the disclosure of ESI, and seek resolution from the Court, they must present the dispute in a single joint motion, or, if the Court directs, in a conference call with the Court.   Any joint motion must include the parties' positions and the separate certification of counsel required under Rule 26(g).   The Court should decide the dispute promptly to avoid delay in the timely completion of the mandatory discovery.

(c)     *Production of ESI*:   Unless the Court orders otherwise, a party must produce ESI identified under paragraph (B)(3) of the General Order within 40 days after serving its initial response.   Absent good cause, no party need produce ESI in more than one form.   Unless the parties agree or the Court orders otherwise, a party must produce ESI in the form requested by the receiving party. If the receiving party does not specify a form, the producing party may produce ESI in any reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI as the producing party.

## F.     **Sanctions for Failure to Comply.**

If parties fail to comply with their mandatory discovery obligations, the Court may impose sanctions.   Rule 37(b)(2) provides the most relevant sanctions provision.   It specifies sanctions that may be imposed "For Not Obeying a Discovery Order" – in this case, the General Order.   Rule 37(b)(2) provides a range of possible sanctions, but the most relevant when a party attempts to use evidence it did not disclose in its mandatory discovery responses will be Rule 37(b)(2)(A)(ii), which authorizes the Court to prohibit the disobedient party from using the evidence it failed to disclose.   When a party failed to disclose unfavorable information and the opposing party was required to incur litigation costs to obtain it, the Court may impose those costs on the disobedient party under Rule 37(b)(2)(C).   Rule 37(b)(2) provides more severe sanctions when a party's failure to comply with the General Order is particularly egregious.

MIDP judges should tailor the sanctions to fit the offense, with the intent of encouraging future good faith compliance with the General Order and the MIDP.   The experience in States that have adopted robust initial disclosure requirements has shown that diligent enforcement by judges is the key to achieving the goals of the MIDP – the reduction of unnecessary delay and expense during discovery, and promoting the just, speedy and inexpensive resolution of civil disputes.

G.   **<u>Final Instructions for MIDP Judges</u>:**

1.      MIDP judges should hold initial case management conferences under Rule 16(b) within the time specified in Rule 16(b)(2).  Judges should discuss with the parties their compliance with the mandatory discovery obligations set forth in the General Order, resolve any disputes, and set a date for full and complete supplementation of responses.  It is difficult to overestimate the importance of this initial case management meeting with the parties.  It enables the MIDP judge to set the tone for the rest of the case, impress upon the parties the importance of compliance with the mandatory initial discovery obligations, and clearly establish that the MIDP judge intends to enforce those obligations vigorously.

2.      MIDP judges should make themselves available for prompt resolution of disputes regarding the mandatory initial discovery and other discovery.   They are encouraged to require the parties to contact the Court for a pre-motion conference, as provided by Rule 16(b)(3)(B)(v), before filing discovery motions, and to resolve any disputes during that conference if possible.  If discovery motions are necessary, they should be focused, briefed quickly (usually on a schedule set by the Court during the pre-motion conference), and resolved promptly.